IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LENA SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-660-KOB |
| ) | |
| STEVE MARSHALL, in his official ) | |
| capacity as Attorney General of the State ) | |
| of Alabama, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

In one of the most enduring songs from the 1960s, Aretha Franklin sang, "R-E-S-P-E-C-T find out what it means to me." ARETHA FRANKLIN, *Respect*, I NEVER LOVED A MAN THE WAY I LOVE YOU (Atlantic Records 1967). To federal courts, respect—as memorialized in the *Younger* abstention doctrine—means refraining from interfering with ongoing state court proceedings that implicate important state interests. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (stating that courts of equity should not enjoin state criminal proceedings pursuant to the notions of comity and respect). In this case, respect means abstaining from interfering with state forfeiture proceedings about which Ms. Sutton complains.

This matter comes before the court on Alabama Attorney General Steve Marshall's motion to dismiss Plaintiff Lena Sutton's amended complaint. (Doc. 17). In her amended complaint, Ms. Sutton seeks to instigate a class action to enjoin allegedly unconstitutional actions by the state during civil forfeiture proceedings. (Doc. 14). Attorney General Marshall moves to dismiss Ms. Sutton's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that *Younger* abstention applies and that Ms. Sutton fails to state a claim for

1

which relief can be granted. For the reasons stated below, the court will GRANT Attorney General Marshall's motion to dismiss pursuant to the *Younger* abstention doctrine.

## I.     Standard of Review

The law lacks clarity regarding whether courts should analyze the *Younger* abstention doctrine under Federal Rule of Civil Procedure 12(b)(1), challenging jurisdiction, or 12(b)(6), attacking the sufficiency of the complaint. *Compare Fairfield Cmty. Clean Up Crew, Inc. v. Hale*, 2:17-CV-308-LSC, 2017 WL 4865545, at *2–3 (N.D. Ala. Oct. 27, 2017) (Coogler, J.) (applying Rule 12(b)(1) standard), *with Cano-Diaz v. City of Leeds, Ala.*, 882 F. Supp. 2d 1280, 1284–85 (N.D. Ala. 2012) (Hopkins, J.) (applying Rule 12(b)(6) standard). But, the choice of which rule to apply makes little practical difference because the court applies a standard of review akin to that of Rule 12(b)(6) when a defendant makes a facial, rather than a factual, attack on subject matter jurisdiction under Rule 12(b)(1). *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The Attorney General's motion to dismiss references both Rule 12(b)(1) and (6), and his argument against the court exercising jurisdiction presents a facial attack, so the court applies Rule 12(b)(6) pleading standards to the motion.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In considering a Rule 12(b) motion, the rules generally limit the court to assessing the face of the complaint and its attachments. Fed. R. Civ. P. 12(b); *Day v. Taylor*, 400 F.3d 1272,

1275–76 (11th Cir. 2005). Where a court properly takes judicial notice of exhibits attached to the pleadings, it may consider matters outside of the pleadings in ruling on a Rule 12(b) motion without converting the motion to one for summary judgment. *See* Fed. R. Evid. 201(a)–(d); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-79 (11th Cir. 1999). The court may take judicial notice of state court proceedings. *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984).

As reflected in this Memorandum Opinion, Alabama state court proceedings influence the considerations in this case. Attorney General Marshall provided the relevant state court documents along with his motion to dismiss. The court takes judicial notice of the records of the state court proceedings without converting his motion to a motion for summary judgment.

**II.     Factual Background**

On February 20, 2019, Ms. Sutton loaned her car to a friend of hers, Roger Maze; police pulled Mr. Maze over while he was driving Ms. Sutton's car. (Doc. 14). During the traffic stop, law enforcement found a trafficking amount of methamphetamine in Ms. Sutton's car. Ms. Sutton had no knowledge of the methamphetamine and faces no criminal charges. Nevertheless, the state seized Ms. Sutton's car because it was used to transport drugs and then instituted a civil forfeiture action pursuant to Alabama's Civil Forfeiture Act, Ala. Code § 20-2-93.

State court records show that the state served Ms. Sutton with a complaint in the civil forfeiture action on March 12, 2019. (Doc. 17-3 at 14–28). After Ms. Sutton failed to adequately respond to the complaint, the state entered a default judgement in April of 2019. (*Id.* at 44). Ms. Sutton then filed a motion to set aside the default judgment, in which she stated that she was not accused of any crime and that the seizure of her car was unconstitutional. (*Id.* at 57–58). In support of her motion to set aside the default, Ms. Sutton filed a memorandum in which she argued that the default should be set aside because she had a meritorious defense to the case,

namely that the seizure and continued custody of her vehicle without a prompt post-deprivation hearing violated her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 17-4 at 21–24). The state court set aside the default and Ms. Sutton filed an answer in July 2019, raising claims that the seizure of her car violated the Eighth and Fourteenth Amendments. (*Id.* at 103). She did not raise her claims regarding the constitutionality of the retention of her vehicle. The forfeiture proceedings have yet to go to trial.

In her amended complaint in this court, Ms. Sutton asserts that Alabama's seizure of her car and the subsequent civil forfeiture proceedings deprive her—and other similarly situated putative class members—of her rights. Ms. Sutton seeks to bring a class action under 42 U.S.C. § 1983. She argues that the state's failure to provide a prompt post-deprivation hearing after it seizes property violates the Due Process Clause of the Fifth and Fourteenth Amendments. She further asserts that Alabama's procedures do not provide defendants in civil forfeiture proceedings with an opportunity to contest the deprivation of their property during the pendency of the forfeiture litigation, in violation of the Fourth, Fifth, and Fourteenth Amendments. Ms. Sutton also argues that Alabama's civil forfeiture proceedings violate the Eighth Amendment.

Ms. Sutton requests multiple forms of relief. She requests that the court certify this action as a class action, enter a declaratory judgment stating that Alabama's civil forfeiture proceedings are unconstitutional, hold the state liable for unconstitutional practices, enter injunctions prohibiting the state from engaging in unconstitutional forfeiture practices, enter a judgment requiring the state to immediately institute hearings in all similar civil forfeiture proceedings, and award attorney's fees.

### III. Discussion

In his motion to dismiss, Attorney General Marshall argues that the court should refrain from exercising jurisdiction over Ms. Sutton's complaint pursuant to the *Younger* abstention doctrine. (Docs. 17, 18). Of course, abstaining from exercising jurisdiction first requires the court to have jurisdiction. While the Defendant does not challenge the court's subject matter jurisdiction, the court notes that Plaintiff's claims arise under 42 U.S.C. § 1983 and multiple constitutional amendments, giving this court federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

The Attorney General asserts that the court should abstain from exercising its jurisdiction because the Plaintiff asks this court to interfere in state court proceedings. The Attorney General also asserts that *Younger* abstention applies because Ms. Sutton can raise her constitutional claims in her state forfeiture proceedings, and, in fact, already has raised *some* of her constitutional claims. The Attorney General notes that Ms. Sutton could pay a bond to have her vehicle released or could file a motion in state court for the release of her seized vehicle, neither of which she has done. He attaches an example motion for release of a vehicle that comes from the Alabama Criminal Trial Practice Forms. Alternatively, Attorney General Marshall argues that Ms. Sutton has not stated any claim for which relief can be granted. The Attorney General attaches to his motion to dismiss documents from relevant state court proceedings, which show that Ms. Sutton's forfeiture action has yet to be resolved.

In her response in opposition to the Attorney General's motion to dismiss, Ms. Sutton argues that *Younger* abstention does not apply. (Doc. 20). Although she concedes that the second prong of *Younger* abstention—the involvement of important state interests—applies, Ms. Sutton narrowly focuses on the deprivation of her car during the pendency of the forfeiture

proceedings and asserts that *Younger* abstention does not apply to that specific issue. She contends that federal relief will not interfere with an ongoing state proceeding and that she does not have an opportunity to raise her constitutional claims in state court. In support of her arguments, Ms. Sutton relies heavily on a case from the Southern District of New York, *Krimstock v. Safir*, No. 99 CIV. 12041 MBM, 2000 WL 1702035 (S.D.N.Y. Nov. 13, 2000), *reversed on other grounds by Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002). Ms. Sutton also argues that she has sufficiently pled her claims to survive a motion to dismiss.

The Attorney General replies that *Krimstock* does not apply to the case at hand and that Ms. Sutton's case meets the requirements for *Younger* abstention, as her requested relief would interfere with ongoing state court proceedings and she could raise her constitutional claims in state court. Attorney General Marshall also reasserts his argument that Ms. Sutton's complaint fails on the merits.

Under Alabama law, a conveyance used to transport drugs is subject to forfeiture. Ala. Code § 20-2-93(a)(5). The state can seize property subject to forfeiture without process where the seizure is instant to arrest. *Id.* § 20-2-93(b)(1). Where property is seized without process, civil forfeiture proceedings must be instituted "promptly." *Id.* § 20-2-93(c), (d). Owners can reclaim their property if they can show that they did not know about and could not have prevented the acts or omissions that led to the seizure of the property. *Id.* § 20-2-93(h). An owner can also execute a bond to reclaim her vehicle during the pendency of the forfeiture action. *Id.* § 20-2-93(h), 28-4-287.

Federal courts act circumspectly when dealing with state court proceedings. When first setting forth the *Younger* abstention doctrine, the Supreme Court recognized "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special

6

circumstances." *Younger*, 401 U.S. at 41. While abstention is the exception rather than the rule when determining whether a federal court should exercise jurisdiction, federal courts "may and should withhold equitable relief to avoid interference in state proceedings" out of respect for the principle of comity between state and federal governments. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

Although *Younger* itself dealt with state criminal proceedings, "its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'" *Id.* (quoting *Middlesex Ct. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Moreover, the Supreme Court has recognized—while narrowing *Younger's* general applicability—that state-initiated civil enforcement proceedings are one of the "exceptional" circumstances that fall within the *Younger* abstention doctrine. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). Accordingly, *Younger* abstention potentially extends to the state-initiated forfeiture proceedings in this case.

In determining whether to apply the *Younger* doctrine, a court must ask three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children*, 329 F.3d at 1274 (citing *Middlesex*, 457 U.S. at 432).

Ms. Sutton argues that *Younger* abstention does not apply because her federal proceedings would not interfere with an ongoing state court proceeding, as no ongoing state proceeding exists regarding the specific issue of whether the state can retain her car during the pendency of her forfeiture proceeding. She also argues that relief in this case will not interfere with an ongoing state court proceeding, in part because the relief she requests would not

7

terminate the state forfeiture proceeding. In support of her argument that her case would not interfere with an ongoing state court proceeding, Ms. Sutton cites *Belevich v. Thomas*, No. 2:17-CV-01193-AKK, 2018 WL 1244493 (N.D. Ala. Mar. 9, 2018).

Ms. Sutton's arguments fail to persuade the court. As an initial matter, the court finds unconvincing Ms. Sutton's argument that no ongoing state proceedings exist dealing with the continued retention of her car during her forfeiture proceedings. Ms. Sutton construes the issue too narrowly. While neither Ms. Sutton nor the state has instigated proceedings dealing explicitly and solely with the issue of whether the state can retain her car during her forfeiture proceedings without certain procedural measures, the forfeiture proceedings completely encompass the issue of whether the state has a right to hold Ms. Sutton's car, either permanently or temporarily. Further, Ms. Sutton could take advantage of available methods within the state court proceeding to challenge the state's retention of her vehicle. Accordingly, she has not shown that no ongoing state court proceeding exists.

Ms. Sutton also fails to show that federal relief will not interfere with the ongoing state court proceeding. To assess whether a federal proceeding will interfere with an ongoing state proceeding, the court must look at the effect that the relief requested would have on the state proceeding. *31 Foster Children*, 329 F.3d at 1274. The federal proceeding need not directly affect or terminate the state court proceedings to interfere with it; disruption of the state court proceedings can suffice to show interference. *Id.* at 1276. Therefore, Ms. Sutton cannot rely on the assertion that *Younger* does not apply because relief in this case would not terminate the enforcement proceedings. *See id.* Rather, Ms. Sutton's requested relief—which includes a request that this court compel the state court to conduct hearings in cases like Ms. Sutton's—would change the course of state forfeiture proceedings, and, thus, would interfere. *See id.*

Additionally, *Belevich* does not preclude the application of *Younger* in this case. In *Belevich*, the court determined that *Younger* abstention did not apply to a contract dispute where relief could potentially have affected alimony in an ongoing state divorce proceeding because the contract dispute was only "tangentially related" to the divorce proceeding. *Belevich*, No. 2:17-CV-01193-AKK, 2018 WL 1244493, at *5. The court elaborated that nothing about deciding the contract dispute would require the court to become a "grand overseer" of the divorce proceedings. *Id.*

This court has no difficulty distinguishing Ms. Sutton's case from *Belevich*. Unlike the "tangentially related" proceedings in *Belevich*, this case directly involves the seizure and retention of Ms. Sutton's car at issue in state court. Although Ms. Sutton attempts to separate the issue of retention from the issue of the seizure of her car and the ultimate outcome of the forfeiture proceedings, she merely identifies one part of a chain of interrelated proceedings that are inextricably intertwined. The seizure of her car, the subsequent forfeiture proceeding, and the continued retention of the car—all at issue in state court—have far more than a tangential connection with the case she seeks to bring in federal court.

Further, the relief that Ms. Sutton requests would require precisely the kind of oversight of the state courts that *Belevich* conscientiously avoided. *See Belevich*, No. 2:17-CV-01193-AKK, 2018 WL 1244493, at *5. Ms. Sutton requests that the court require the state to immediately institute hearings in her own and all similar civil forfeiture proceedings. Issuing and enforcing that sort of injunctive relief would "result in meticulous and burdensome federal oversight of state court or court-like functions" or force the federal courts to become a "grand overseer" of state court proceedings, both of which the Eleventh Circuit has proscribed. *Wexler*

9

*v. Lepore*, 385 F.3d 1336, 1340–41 (11th Cir. 2004). Thus, Ms. Sutton fails to show that her requested relief will not interfere with an ongoing state proceeding.

Ms. Sutton also argues that *Younger* abstention does not apply because she does not have an opportunity to raise her constitutional issues in the state court. *See Middlesex,* 457 U.S. at 432. A plaintiff bears the burden of showing that state procedural law bars the presentation of her claims. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 (1987). Further, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 15. In this case, Ms. Sutton only raised her claims regarding the retention of her car as potential defenses in her motion to set aside default; she has not actually presented those claims in state court. Further, she cannot overcome the assumption of an adequate state remedy. *See id.*

In this case, no unambiguous authority suggests that state procedures would not afford Ms. Sutton an adequate remedy. To the contrary, the Eleventh Circuit has stated that "Alabama state procedural law does not 'clearly bar the interposition of the constitutional claims.'" *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1262 (11th Cir. 1997) (citing *Middlesex*, 457 U.S. at 432). Moreover, the Eleventh Circuit has recently stated in a case involving civil forfeiture that "Alabama case law shows that the proper avenue for seeking redress for alleged constitutional injuries is in the state civil-forfeiture proceeding." *Fairfield Cmty. Clean Up Crew Inc. v. Hale*, 735 F. App'x 602, 606 (11th Cir. 2018). In fact, Alabama case law shows that defendants in civil forfeiture cases have raised constitutional claims during their forfeiture proceedings. *See Ex parte Kelley*, 766 So. 2d 837, 837 (Ala. 1999) (forfeiture proceeding in which defendant argued that the forfeiture violated the Eighth Amendment).

Ms. Sutton argues that she cannot raise her claims because of a lack of prompt post-deprivation process. In support of her position, Ms. Sutton relies almost exclusively on the Southern District of New York's decision in *Krimstock*. That case is not binding upon this court and the court does not find it persuasive.

In *Krimstock*, the Southern District of New York found that *Younger* did not apply in a case challenging the seizure of cars after DWI arrests in New York. *Krimstock v. Safir*, No. 99 CIV. 12041 MBM, 2000 WL 1702035, at *1. The New York City regulation at issue required that, if a seized vehicle's owner demanded its return, the police had to either return the vehicle or institute forfeiture proceedings within 25 days. *Id.* Relying on *Gerstein v. Pugh*, 420 U.S. 103 (1975), the *Krimstock* court found that the forfeiture proceedings at issue did not "provide an adequate opportunity for plaintiffs to claim a due process right to a prompt probable cause hearing" because the forfeiture proceedings were not instituted until 25 days later—after the time for a prompt probable cause hearing had passed. *Id.* at 3. As explained by the Second Circuit, which overruled *Krimstock* on grounds unrelated to *Younger* abstention, "neither New York criminal procedure nor the City's civil forfeiture law allow[ed] a DWI defendant or the owner of a vehicle driven by a DWI defendant to challenge promptly the legitimacy of the City's continued custody of the vehicle." *Krimstock v. Kelly*, 306 F.3d 40, 45 (2d Cir. 2002). The Second Circuit also emphasized that much of the infirmity in New York's process sprung from the lack of an opportunity for defendants to post bond for their property. *Id.* at 56.

This court finds *Krimstock*'s reliance on *Gerstein* unconvincing. In *Gerstein*, the Supreme Court held that a prompt determination of probable cause is a constitutionally required prerequisite for pretrial detention. *Gerstein*, 420 U.S. at 126. The Supreme Court also affirmed the lower court's holding that *Younger* abstention did not apply because the only issue in the case

11

was "the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." *Id.* at 108 n.9.

Similarly, the Eleventh Circuit recently applied *Gerstein* and held—while emphasizing the applicable abuse-of-discretion standard of review—that a district court did not abuse its discretion in finding that *Younger* abstention did not apply where a class of plaintiffs did not seek to enjoin a criminal prosecution, but, rather, only sought prompt bail determinations. *Walker v. City of Calhoun*, 901 F.3d 1245, 1254–55 (11th Cir. 2018), *cert. denied sub nom. Walker v. City of Calhoun*, 139 S. Ct. 1446 (2019). The Eleventh Circuit stated that the relief requested did not require pervasive oversight of state criminal proceedings and that the plaintiffs asked for "a prompt pretrial determination of a *distinct* issue, which will not interfere with subsequent prosecution." *Walker*, 901 F.3d at 1255 (emphasis added).

The facts in *Gerstein* and *Walker* differ from the type of facts involved in *Krimstock* and in Ms. Sutton's case. *Gerstein* and *Walker* dealt with the plaintiffs' challenges to their pretrial detention and bail. Bail and pretrial detention challenges fall under the purview of habeas corpus proceedings, not criminal prosecutions. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The issues were so distinct from the ongoing prosecutions that they would have required separate proceedings. Accordingly, a federal court hearing the bail or pretrial detention issues could not interfere with the ongoing criminal prosecution.

But, unlike in *Gerstein* and *Walker*, no indication exists in this case that Ms. Sutton cannot challenge the continued retention of her car within her state forfeiture proceedings

without instituting a separate action.  The Attorney General even included an example of a motion to do just that.  Thus, *Krimstock*'s application of *Gerstein* does not convince the court that *Younger* does not apply in this case.

Moreover, the court sees key differences between the Alabama legal framework at issue in this case and the legal framework in *Krimstock*.  Unlike the New York regulation in *Krimstock*, Alabama law *requires* that civil forfeiture actions be instituted "promptly" and provides defendants in forfeiture proceedings with the opportunity to post bond for their vehicle.  Ala. Code §§ 20-2-93(c), (h).  Ms. Sutton argues that the bond provision does not comport with due process because it does not require the state to show that it has a continued right to retain her property and because the arbitrary amount of the required bond violates the Eighth Amendment.  However, Ms. Sutton fails to show why she cannot file a motion challenging the retention of her car and/or challenge the statutory bail provision in state court.  In fact, the law suggests that the forfeiture proceedings are *exactly* the proper venue for such a challenge.  *See Fairfield Cmty. Clean Up Crew Inc.*, 735 F. App'x at 606.

Finally, in light of the lack of factually similar caselaw from the Eleventh Circuit, the court finds a case from the Sixth Circuit illuminating.  In *Loch v. Watkins*, the Sixth Circuit held that *Younger* foreclosed consideration of a suit about the constitutionality of a forfeiture while the state proceedings were ongoing. 337 F.3d 574, 579 (6th Cir. 2003).  Like this case, *Loch* dealt with the seizure and forfeiture of a vehicle belonging to an innocent owner.  *Id.* at 577.  Although the plaintiff in *Loch* did not specifically raise the issue of the lack of a prompt hearing, she did argue that, based on the specific law at issue, she was being deprived of a forfeiture hearing and extorted for a settlement in violation of her due process rights.  *Id.*  The Sixth Circuit

found "no impediment to Loch raising the constitutional issues of this case in the state proceedings," which rendered *Younger* abstention appropriate. *Id.* at 579.

Ms. Sutton's complaint is similar to the plaintiff's complaint in *Loch*; they both raise an issue about the lack of an adequate hearing. Like the plaintiff in *Loch*, Ms. Sutton has not shown any actual impediment to raising her constitutional issues in her state forfeiture proceedings. In fact, she *has* raised some constitutional claims challenging the seizure of her vehicle in her state court proceedings. Thus, she has not met her burden of showing that she cannot effectively raise her constitutional claims in state court. *See Pennzoil Co.,* 481 U.S. at 14. Accordingly, the court finds that all three *Middlesex* factors exist in this case and that *Younger* abstention applies. *See 31 Foster Children*, 329 F.3d at 1274.

## IV. Conclusion

For the reasons discussed above, the court will give the state court more than "a little respect" and abstain from hearing this case under the *Younger* abstention doctrine. ARETHA FRANKLIN, *Respect*, I NEVER LOVED A MAN THE WAY I LOVE YOU (Atlantic Records 1967). Accordingly, the court will GRANT, by separate order, Attorney General Marshall's motion to dismiss.

**DONE** and **ORDERED** this 7th day of November, 2019.

_Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE